*Child,* for plaintiff.

WINDHAM,
*February,*
1830.

## ASA BARBER *vs.* PAUL CHASE.

When the court adjudge that the cause of action in a case arose from the wilful and malicious act or neglect of the defendant, with a view to preclude him from the benefit of the acts provided for poor debtors, a minute of such adjudication must be inserted in, or indorsed on, the execution ; otherwise, the debtor, if committed, may be legally admitted to the oath prescribed for poor debtors.

Where a debtor, under such circumstances, was admitted to the poor debtor's oath, and afterwards went at large, and an action of escape was brought against the sheriff, who pleaded in bar the regular discharge of the debtor by the jail commissioners,— it was held, on demurrer to the plea, that it ought to have been averred in the declaration, *that the execution contained a minute of the adjudication "that the cause of action accrued from the wilful and malicious act or neglect of the prisoner" ;* and for want of such an averment in the declaration, the plea in bar was held to be sufficient.

This was an action of escape against the sheriff of the county of Windham. The declaration stated that the plaintiff, at March term, 1824, of Windham county court, recovered a judgement against Paul W. Kimpton, for $40 damages, and $29,36 cost, in an *action of trespass on the case,* in which it was adjudged by the court, at the time of rendering judgement, that the cause of action in said case accrued from the wilful and malicious act of said Kimpton ; that an alias execution was issued thereon in due form of law, dated 24th September, 1824, and was on the 28th day of the same month delivered to the defendant, who on the same day committed Kimpton to jail, and on the 13th day of December following suffered him to escape. The defendant pleaded in bar, that on the 12th day of November, 1824, after the commitment, and before the escape of Kimpton, the legislature passed an act for his relief, enacting " that, on his complying with the requisitions of " an act entitled 'an act relative to jails and jailers, and for the re- " lief of persons imprisoned therein, and the several acts in addi- " tion thereto,' shall be entitled to the oath and all the privileges " granted to poor debtors, notwithstanding the certificate made " on the execution, on which said Kimpton was imprisoned." The plea then set forth that Kimpton afterwards made application to the jail commissioners of Windham county, and that they there-

WINDHAM,
February,
1830,

Barber
vs
Chase.

upon caused regular process to be served on the plaintiff, summoning him to appear before them and show cause why said Kimpton should not be admitted to the benefit of the acts provided for poor debtors, and,that no cause being shown,they administered to him the oath in such cases prescribed ; that the said commissioners certified their proceedings, and delivered a certificate thereof to the said *Paul Chase*, then keeper of the jail, and also one to the said Kimpton,as required by law ; that the said Kimpton, afterwards, to wit, on the 13th day of December, 1824, departed from the liberties of the jail and went at large, specially traversing the escape.  To this plea the plaintiff demurred, and the defendant joined in demurrer.

The county court decided that the plea in bar was insufficient, and rendered judgement for the plaintiff.  The cause was reserved for the opinion of the Supreme Court.

*Mr. Bradley, for the defendant.*—I. This demurrer puts the general sufficiency of the plaintiff's declaration in question ; and the defendant contends that, if the declaration is sufficient as shewing merely an ordinary judgement, commitment and departure, it is sufficiently answered by the mere plea of regular proceedings before the commissioners and delivery of their certificate to the sheriff, at least, until the plaintiff by replication discloses further matter : but that, if by the declaration the plaintiff intended to anticipate such replication, and in the first instance set up that the debtor was not a proper subject for the poor man's oath, the declaration is manifestly defective ; because

1. It does not shew sufficiently the nature of the action in which the judgement was rendered against Kimpton, so that the Court here can see that the county court were authorized to adjudicate whether the cause of action was wilful and malicious or not.  For they have not such power in actions of debt and case when neither for penalties, forfeitures or torts, and the action here having been "trespass on the case," might have been assumpsit,in which predicament their adjudication would have been wholly nugatory.

2. It does not set forth that any minute was inserted in, or endorsed or certified upon, the execution.—*Stat. p.* 240.  It is not sufficient to state that an alias execution was prayed out in due form. of law : the word " form" applies to the execution of the judgement, rather than the minute, certificate or endorsement.  If the execution issued without such minute, (especially at the prayer

WINDHAM,
February,
1830.
———
Barber
vs.
Chase.

of the creditor,) it would still be "in due from of law," and not erroneous, only the creditor would thereby waive the privilege of closely confining his debtor. It not appearing precisely by the declaration that the minute was made, it does not appear that the sheriff had any legal certificate or minute to warrant him in detaining his prisoner after a discharge by the commissioners of jail delivery. Nor is it aided by the recital of the statute in the defendant's plea, because the declaration must be good in itself; and besides, the statute is no evidence of the fact, but only renders it nugatory if it exists.

II. If the declaration is in these points sufficient, still the plea in bar is a sufficient answer. For the legislature having removed *the exception* which prevented the prisoner from taking the poor man's oath, the discharge was regular. But it has been said that the act was unconstitutional. On this point the defendant contends, 1. It cannot now be holden, after the decisions in the U. S. courts, that it is any infringement upon the constitution of the U. S. or a law impairing the obligation of contracts. At most, it only affects the remedy. 2. It is not retrospective, since its whole operation is to commence *in futuro ;* and to this it is no objection that the subject matter, upon which the act was to operate, existed at the time of its passage, such being the case with most laws. 3. The powers of the legislature of a free and sovereign state, (*Const. of Vt.*) are not confined to the passage of public acts alone. Special acts of insolvency have been often passed and recognised to be law.—*Sturges* vs. *Crowninshield*, 4 *Wheat.* 135, 136, 137, 200, 201 ; 13 *Mass.* 9, 10, 11. The Lord's acts in England are also special acts of insolvency ; and yet no one ever doubted whether they come within the definition of an act within the powers of a sovereign legislature to pass. 4. It disturbes no vested rights. Since the act of 1823, our law does not consider the imprisonment of a debtor *unable to pay*, as a means of enforcing debts or damages ; but it inflicts it as a punishment, notwithstanding such inability, in certain aggravated cases; (4 *Wheat.* 200 ;) and this the legislature may discharge. No creditor can have a vested right in the perpetual imprisonment of his debtor, and, therefore, the argument proves too much, since the laws of imprisonment could on that supposition never be relaxed without disturbing vested rights. Suppose a person, who is disfranchised, becomes a debtor, and imprisoned, and the legislature by a special act restore him to his law, and he takes the oath ; would the creditor be permitted to allege that his vested rights were disturbed ?

WINDHAM,
February,
1830.

Barber
vs.
Chase.

*Mr. Phelps, for the plaintiff.*—The facts set forth in this plea in bar come within the principles decided in the cases of *Dupy* vs. *Wickwire,* 1 *D. Chip. Rep.* 237 ; *Starr* vs. *Robinson,* 1 *D, Chip. R.* 257 ; *Bates* vs. *Kimball,* 2 *D. Chip. R.* 77 ; *Ward* vs. *Barnard,* 1 *Aik. R.* 121 ; *Staniford* vs. *Barry,* 1 *Aik.* 314— and are therefore insufficient.   1. Because the supposed act of the legislature is an interference with the judiciary powers of the state. —*State Con. chap.* 2, *sec.* 6.   2. Because it is retrospective and partial, and partakes not of the nature of a law.—1 *Bla. Com.* 44, 46 ; *Federalist, No.* 81 ; 6 *Cranch,* 136 ; 11 *Mass. R.* 402 ; 7 *Johns. Rep.* 502.

PRENTISS, Ch. J., delivered the opinion of the Court.—By the act of 1823, it is provided, that every person who shall be imprisoned on an execution, issued on a judgement, recovered in an action of trespass on the case, or in any of the other actions therein specified, if poor, shall be entitled to take the oath prescribed in the act relating to jails and jailers and for the relief of persons imprisoned therein, and be discharged from his imprisonment, unless the court, at the time of rendering the judgement, shall adjudge that the cause of action accrued from the wilful and malicious act or neglect of such person, and *a minute thereof be inserted in, or endorsed and certified upon, the execution.*—*( Comp. Stat. p.* 240, *s.* 1.)

The plea in bar, in the case before us, sets forth the proceedings, by which the prisoner, for whose escape the defendant is sued, was discharged from imprisonment ; and they appear to be in all respects conformable to the provisions of the act relating to jails and jailers and for the relief of persons imprisoned therein. The matter contained in the plea, therefore, independent of the special act recited in it, shews a regular discharge of the prisoner, and is a sufficient defence to the action, unless it appears that there was an adjudication, that the cause of action accrued from the wilful and malicious act or neglect of the prisoner, and that a minute of the adjudication was inserted in, or endorsed and certified upon, the execution.   Though the declaration, after stating the judgement, and the nature of the action in which it was rendered, alleges that it was adjudged by the court, at the time of rendering the judgement, that the cause of action accrued from the wilful and malicious act of the prisoner, there is no averment, that a minute of the adjudication was inserted in, or endorsed and certified upon, the execution ; nor is this deficiency supplied by any statement

WINDHAM,
February,
1830,

Barber
vs.
Chase.

or admission of the fact in the defendant's plea. If the expres-
sions, " *notwithstanding the certificate made on the execution*,"
which are contained in the special act recited in the plea, could
be regarded as an affirmation or admission in the plea of there be-
ing a certificate on the execution, they do not state or shew, what
is certainly necessary, that it contained a minute of the adjudica-
tion, that the cause of action accrued from the wilful and malicious
act of the prisoner. This ought to appear with certainty ; and it
not appearing from any part of the pleadings, the jail commis-
sioners had jurisdiction and authority to admit the prisoner to the
poor debtor's oath, and discharge him from imprisonment, under
the general laws. The defendant's plea, therefore, without the
aid of the special act recited in it, is a sufficient bar to the plain-
tiff's action ; and as the validity of that act does not necessarily
come in question, it is unnecessary to give any opinion upon it.

Judgement reversed.

*Phelps*, for plaintiff.
*Bradley*, for defendant.